UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| **CYBERWORLD ENTERPRISE TECHNOLOGIES, INC. d/b/a/ TEKSTROM, INC.**, <br><br> Plaintiffs, <br><br> v. <br><br> **MICHAEL CHERTOFF**, Secretary of the Department of Homeland Security; **ALBERTO GONZALES**, Attorney General; **ELAINE L. CHAO**, Secretary of the Department of Labor; **EMILIO T. GONZALEZ**, Director, United States Citizenship and Immigration Services; <br><br> Defendants. | Case No. ___06 - 402___ <br><br> COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF |

### COMPLAINT

Plaintiff CYBERWORLD ENTERPRISE TECHNOLOGIES, INC. d/b/a TEKSTROM, INC. (Tekstrom), by and through its undersigned attorneys, file this Complaint, hereby stating and alleging the following:

### NATURE OF THE ACTION

1. The Plaintiff Tekstrom is a Delaware-based information technology consulting and staffing company that is dependent on its ability to petition for H-1B nonimmigrants. As such, Tekstrom is classified as an "H-1B dependent employer" under the Immigration and Nationality Act (INA).

1

2. The Secretary of the Department of Labor (DOL) is authorized to regulate and sanction H-1B dependent employers who displace United States workers, or fail to inquire into whether a United States worker might be displaced, regardless of whether or not anyone was actually displaced. These sanctions can include monetary civil penalties, as well as the referral to the Department of Homeland Security (DHS) for prohibition of approving H-1B petitions for a period of time.

3. Tekstrom was investigated and sanctioned by the Wage and Hour Division of DOL for failing to inquire into whether the H-1B nonimmigrants they were placing at a secondary employer were, in fact, displacing United States workers. The Administrator, Wage and Hour Division ("Administrator") ordered that Tekstrom must pay a monetary penalty of $3,400, and would be referred to the Attorney General for mandatory debarment from filing immigrant and nonimmigrant petitions for employees for a period of one year.

4. Tekstrom appealed the Administrator's decision to an Administrative Law Judge and then to the DOL Administrative Review Board, both of which affirmed the findings and sanctions of the Administrator.

5. As an H-1B dependent employer, a prohibition on approval of H-1B petitions filed for a period of one year will unquestionably lead to Tekstrom's dissolution. It is a penalty that is starkly disproportionate to the alleged transgression, considering that no worker was displaced or adversely affected, there was no history of previous violations, the failure to make the required inquiry was neither substantial nor willful, Tekstrom promptly and fully cooperated with the investigation, and it has since initiated procedures to assure future compliance.

6. The question in this case is not only a question of proportional penalties, but whether referral to the Attorney General for debarment is a mandatory or discretionary penalty. The Administrator, the ALJ, and the ARB read the INA and the corresponding regulations as requiring a mandatory referral for debarment from the approval of petitions filed by the employer. Tekstrom argues that this was not the intent of Congress when it formulated the law, and is not the correct reading of the regulations and the INA. As the future of Tekstrom depends on its ability to continue to file H-1B nonimmigrant petitions, an order enjoining, preliminarily and permanently, the decision of the Administrator and of the Attorney General for debarment is of paramount importance.

## PARTIES

7. Plaintiff Tekstrom, Inc. is a Delaware corporation with its principal offices in Newark, Delaware.

8. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security. The Department of Homeland Security is the agency responsible for implementing the INA. Mr. Chertoff is sued in his official capacity.

9. Defendant Alberto Gonzales is the Attorney General of the United States. Mr. Gonzalez is sued in his official capacity.

10. Defendant Elaine L. Chao is the Secretary of the Department of Labor. Ms. Chao is sued in her official capacity.

11. Defendant Emilio T. Gonzalez is the Director of United States Citizenship and Immigration Services (USCIS), a division of the Department of Homeland Security. Mr. Gonzalez is sued in his official capacity.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 702, *et seq*, and 28 U.S.C. §§ 2201 and 2202. Venue is proper in this Court under 28 U.S.C. §1391(e), as the Plaintiff's principal place of business is in Delaware, and the Defendants are officers and employees of a United States agency.

## STATUTORY AND REGULATORY FRAMEWORK

13. **8 U.S.C. §1182(n)** establishes the statutory requirement for the "labor condition application" (LCA), a pre-condition to the approval of an H-1B nonimmigrant visa.

14. **20 C.F.R. Part 655** sets out the procedures adopted by the Secretary of Labor for employers who seek nonimmigrant aliens for temporary work within the United States. As part of that process, DOL Employment and Training Administration (ETA) obtains information to determine whether employment of nonimmigrant workers for temporary work will adversely affect the working conditions of similarly employed U.S. workers. Subpart H establishes the process an employer must follow to file for, and obtain approval from, DOL for an LCA, which then may be used to petition USCIS for a H-1B visa under the INA to enable temporary employment of foreign workers in certain specialty occupations.

15. **20 C.F.R. § 655.736** defines "H-1B-dependent employer" as an employer that meets a certain percentage standard between the employer's total workforce employed in the U.S. and the employer's H-1B nonimmigrant employees. For example,

an employer with 26 to 50 employees is an H-1B dependent employer if more than 12 H-1B employees are in its workforce.

16. **20 C.F.R. §655.736 (g) (1)** subjects an H-1B dependent employer to the additional attestation obligations regarding the displacement of U.S. wokers for all LCAs it submits to support petitions for H-1B visas.

17. **20 C.F.R. § 655.738** prohibits an H-1B dependent employer from either directly or secondarily displacing any U.S. worker. To ensure compliance in regard to secondary displacement, prior to placing a nonimmigrant worker, the H-1B dependent employer must make certain inquiries of, and/or obtain information from, a prospective secondary employer of the nonimmigrant worker concerning whether the secondary employer has displaced, or intends to displace, similarly employed U.S. workers.

18. **8 I.N.A §212(n); 20 C.F.R. §655.700(a)(3)-(4)**. The INA establishes an enforcement system under which DOL is authorized to determine whether an employer has engaged in misrepresentation or failed to meet a condition of the LCA, and is authorized to impose fines and penalties. Enforcement of the LCA is done by the Administrator.

19. **8 U.S.C. § 1182(n)(2)(B)** requires that the Secretary "shall" provide, within 30 days after the date a complaint is filed, for a determination as to whether or not a reasonable basis exists to make a finding. Federal regulations also provide that a determination must be issued within 30 calendar days of the date of filing of the complaint. 20 C.F.R. § 655.806(a)(3).

20. **20 C.F.R. § 655.810** authorizes three specific sets of civil monetary penalties and three degrees of employer disqualification for additional LCA petitions if

violations have occurred. The Administrator may also impose other administrative remedies, including reinstatement and back wages, for violations of certain provisions. In setting the amount of the civil money penalty, the Administrator must consider: the employer's previous compliance history, the number of workers affected, gravity of the violation, good faith efforts by the employer, employer's explanation, employer's commitment to future compliance, and any financial gain received by the employer. In addition to a civil money penalty, the Administrator "shall" notify the Attorney General pursuant to §655.855 that an employer is disqualified from receiving the LCA approvals for a set period of time ranging from one year to three years depending on the nature of the violation and willfulness of the employer's violation.

21.     **20 C.F.R. § 655.855** states that, upon final determination of the violations, the Administrator shall notify the Attorney General and ETA of the associated employer disqualification periods set out in 655.810(d). Upon notification, and for the specified period, the Attorney General shall not approve any additional petitions filed by the employer for the employment of nonimmigrant workers. 20 C.F.R. §655.810(c). Upon receipt of the Administrator's notice, the ETA "shall" invalidate any subpart H LCAs and not accept any new applications for the specified period. 20 C.F.R. § 655.855(d).

### FACTUAL BACKGROUND AND ADMINISTRATIVE PROCEEDINGS

22.     As a consulting and staffing agency, Tekstrom's only real asset is its people. It remains fundamentally reliant on its ability to petition for and hire foreign nationals.

23.     On August 9, 2001, a complaint was filed against Tekstrom, leading to an investigation by DOL. Tekstrom was fully cooperative with the investigation, and

conceded that it had failed to make the requisite inquiries. The investigation by the DOL of Tekstrom ultimately revealed that no United States workers were displaced and that Tekstrom paid proper wages to all employees.

24. The Administrator took no action until March 20, 2003, when the Administrator notified Tekstrom that the investigation had disclosed a violation of 20 C.F.R. §655.78. According to the Administrator, in violation of one of the LCA conditions, Tekstrom had failed to make the required displacement inquiry of a secondary employer, after the secondary employer placed the H-1B holder with another employer. Due to the violation, the Administrator sought to impose a civil money penalty of $3,400 and directed Tekstrom to comply with 20 C.F.R. §655.78 in the future. Additionally, under the provisions of 20 C.F.R. § 655.855 (a), the Administrator intended to inform both the DOL, the ETA and the Attorney General of the violation.

25. In response, on April 2, 2003, Tekstrom requested a hearing with the Office of Administrative Law Judges to dispute the decision of the Administrator. On December 23, 2003, the ALJ affirmed the Administrator's Determination Letter, ordering that Tekstrom must pay a civil monetary penalty of $3,400, and that the Attorney General, the DOL, and the ETA must be notified of the violation.

26. Subsequent to the decision of the ALJ, Tekstrom filed an appeal with the Administrative Review Board to review the ALJ's decision. The ARB affirmed the ALD's decision and order, making it final on May 24, 2006.

## CLAIM ONE

27. The Plaintiff hereby realleges and incorporates each of the foregoing allegations as if set forth herein.

28. The INA requires that the Secretary of Labor "shall" provide, within 30 days after a complaint is filed, for a determination as to whether or not a reasonable basis exists to make a finding. 8USC.§ 1182(n)(2)(B).

29. Although the complaint in this action was filed on August 9, 2001, the Determination was not filed until March 20, 2003 -- well over nineteen months after the complaint was filed. This far exceeded the 30 calendar maximum period allowed by the statute.

30. Tekstrom did not at any time consent to an increase in the time for the investigation.

31. The Administrator's failure to comply with statutory requirements for the issuance of the Determination within thirty days, without any good cause shown, deprived the DOL of jurisdiction over the action.

## CLAIM TWO

32. The Plaintiff hereby realleges and incorporates each of the foregoing allegations as if set forth herein.

33. Although the statute provides for a mandatory 30 day limit with no exceptions, the DOL regulations provide for exceptions to the statutory mandatory time limit with the consent of the employer or if, for reasons outside of the control of the Administrator, the Administrator needs additional time to obtain information needed from the employer or other sources to determine whether a violation has occurred. 20CFR §655.806(a)(3).

34.  The Administrator showed no reasons outside of its control that might have created the need for additional time to obtain information from Tekstrom or other sources to determine whether a violation occurred.

35.  The Administrator did not need additional time to obtain information from the employer or other sources to determine whether a violation occurred since the Plaintiff admitted to the violation during the 30 day period.

36.  Since the statute is mandatory, the regulations are inconsistent and therefore ultra vires the statute.

## CLAIM THREE

37.  The Plaintiff hereby realleges and incorporates each of the foregoing allegations as if set forth herein.

38.  Although prejudice is not a requirement for a time limit to be enforced, Tekstrom was severely prejudiced by the Administrator's extensive delay. During the nineteen months between the filing of the Complaint and the issuance of the Determination, employees who could serve as witnesses or who had knowledge of the events at issue left the company. The employees who are still present at the company are not able to testify as effectively due to the passage of time. As a result, Tekstrom's ability to defend the action has been diminished, and it has been materially prejudiced.

39.  The Administrator's delays, which seriously prejudiced respondent, create a valid defense of laches.

## CLAIM FOUR

40.  The Plaintiff hereby realleges and incorporates each of the foregoing allegations as if set forth herein.

41. Plaintiff at all times acted in good faith.

42. No U.S. or nonimmigrant worker was adversely affected by any actions or inaction of the Plaintiff.

43. Any alleged violation of the Plaintiff was an administrative or technical error with no impact or harm caused.

44. Plaintiff has no history of any previous or subsequent violation of any law or regulation.

45. Plaintiff's failure to make the secondary displacement inquiries was neither substantial nor willful.

46. Plaintiff had no knowledge nor way of obtaining knowledge of the ultimate placement of the employees.

47. Plaintiff promptly cooperated with the Administrator's investigation.

48. Plaintiff has initiated procedures to assure future compliance with all of the technical requirements of the DOL regulations.

49. Debarment is a discretionary and not a mandatory sanction for failure to make secondary displacement inquiries, as a matter of statutory construction, legislative history and case precedent.

50. Congress intended sanctions to be imposed only if the placing employer knew or had reason to know of displacement at the time of placement and did not intend to sanction employers where displacement resulted from a good faith or inadvertent failure to follow requirements.

51. Where no displacement occurred, as with Plaintiff, it follows that Congress would not have intended such harsh sanctions to be imposed.

52. It is clearly contrary to Congressional intent to impose the maximum possible penalty upon Plaintiff, the same penalty that would be imposed upon a blatant violator of the law which failed to cooperate with the investigation, has a lengthy history of previous violations and whose actions resulted in significant numbers of U.S. workers being adversely affected.

53. The Administrator incorrectly held that debarment is a mandatory and not a discretionary remedy, and as such, failed to exercise discretion in determining an appropriate penalty.

### CLAIM FIVE

54. The Plaintiff hereby realleges and incorporates each of the foregoing allegations as if set forth herein.

55. DOL's regulations do not provide for mandatory debarment where the sole violation is failure to make secondary displacement inquiries. The mandatory debarment provision in 20 C.F.R. § 655.180(b)(1)(i) applies only to violations "pertaining to… displacement of U.S. workers." It does not apply to violations pertaining to "failure to make secondary displacement inquiries." These are clearly different violations under the statutory and regulatory scheme.

56. By the plain language of the regulations cited in the Administrator's Determination, Tekstrom's alleged violation of 20 C.F.R. § 655.738 is not among the violations requiring notification to the Attorney General for the denial of petitions for a one-year period.

57. Further, the regulations that are cited by the Administrator, such as 20 C.F.R.§ 655.855, cannot be read to include 20 C.F.R.§ 655.810(d) when the plain

language refers only to § 655.810(f). It would be prejudicial to Tekstrom for it to be forced to guess which violation and remedies were being alleged and to respond to regulations not cited in the Determination.

58. Even if 20 C.F.R. § 655.810(d) were applied absent any citation to it, it is not clear that it applies to violations regarding displacement inquiries and, in any case, should be viewed as discretionary rather than mandatory. From the plain language of the regulation, the penalty and one year bar should not be imposed on Respondent for the alleged failure to make a displacement inquiry.

59. Since the regulations do not provide for a mandatory one year debarment for failure to make displacement inquiries, the ARB's Final Decision and Order is in error in imposing a one year mandatory debarment against Tekstrom.

## CLAIM SIX

60. The Plaintiff hereby realleges and incorporates each of the foregoing allegations as if set forth herein.

61. Tekstrom is not required to make displacement inquiries of any companies unknown to it at which another/secondary employer places an H-1B worker.

62. Tekstrom was found to be subject to mandatory debarment for failure to make secondary displacement inquiries of secondary/tertiary employers the existence of which is unknown to them. The ALJ held that, even though it is impossible for Tekstrom to know of the existence of these employers, and even though it does not and cannot obtain knowledge of the relevant facts, it is subject to mandatory debarment under a strict liability theory since, under the ALJ's interpretation, there is no knowledge element contained in the violation.

63. The requirement of inquiry applies "in every case where there will be indicia of an employment relationship." However, in the present case, Tekstrom does not know if there will be "indicia of an employment relationship" since it does not even know where the employees will be placed. The regulations should not be construed to allow for sanctions to be imposed against Tekstrom for what is not under Tekstrom's control or within its knowledge.

64. The regulations do not address whether the H-1B dependent employer is subject to a finding of violation if the secondary employer places the worker at another company which then displaces U.S. workers. Even if Tekstrom were to make all the necessary inquiries pursuant to § 655.738(d) and (e), it still cannot prevent other/ secondary employers from placing workers at other companies that then displace U.S. workers or fail to make the displacement inquiries of yet other companies at which they place the worker. In this situation, which is the normal business practice of Tekstrom, it would be impossible for Tekstrom to know at which company the worker ultimately is employed down the chain of employers.

65. Congress did not intend for sanctions to be imposed when the placing employer did not know or had no reason to know of displacement by an other/secondary employer with whom the placing employer placed the worker. Further, Congress did not intend for sanctions to be imposed when there is no displacement and when the sanctioned conduct is failure to make a displacement inquiry even further down the chain--by an employer with whom the other/secondary employer placed the worker.

66. The DOL regulations should be not be interpreted as requiring Tekstrom to follow procedures outlined therein with companies at which an other/secondary

employer places the worker, the identity of which is unclear and to which Tekstrom has no access.

### CLAIM SEVEN

67. The Plaintiff hereby realleges and incorporates each of the foregoing allegations as if set forth herein.

68. In the event that Plaintiff is debarred from filing petitions with U.S. Citizenship and Immigration Services, and from having pending petitions approved, and from filing LCAs and labor certification applications with DOL, Plaintiff will lose its workforce, be unable to recruit new employees and be forced to terminate its business operations.

69. Plaintiff has a substantial chance of success on the merits of this litigation.

70. If preliminary injunctive relief is not granted, Plaintiff will suffer irreparable harm.

### PRAYER FOR INJUNCTIVE AND DECLARATORY RELIEF

WHEREFORE, Plaintiff Tekstrom, Inc. requests that this Court:

A. Preliminarily and permanently enjoin the Attorney General, and the Department of Homeland Security/U.S. Citizenship and Immigration Services from debarring Tekstrom and refusing to approve or to allow the filing of petitions filed by Tekstrom.

B. Preliminarily and permanently enjoin the DOL Employment and Training Administration from invalidating Tekstrom's labor condition applications, and from debarring the filing or approval of any new labor condition applications or labor certification applications.

C. Reverse the ARB's Final Decision Order and declare that proceedings against Plaintiff must be dismissed for lack of jurisdiction.

D. Reverse the ARB's Final Decision Order and declare that proceedings against Plaintiff are barred by laches.

E. Declare that 20 C.F.R.§ 655.806(a)(3) is ultra vires the statute.

F. Declare that the ARB's Final Decision and Order that debarment is a mandatory penalty is incorrect as a matter of law, and remand to the Administrator for the exercise of discretion.

G. Declare that the ARB's Final Decision and Order be reversed insofar as it orders debarment of Plaintiff for failure to make secondary displacement inquiries of secondary employers where there was no displacement and where Plaintiff did not know and could not have known of the existence of any secondary employers.

H. Award attorney fees and costs pursuant to 28 U.S.C. § 2412.

I. Such other relief as the Court may deem just and proper.

Dated: June 21, 2006

Respectfully submitted,

_____
H. Ronald Klasko
Klasko, Rulon, Stock & Seltzer, LLP
1800 John F. Kennedy Blvd.
Philadelphia, PA 19103
(215) 825-8600
(*Pro Hac Vice* application pending)

Counsel for Plaintiff
Tekstrom, Inc.

15

06 - 402

≋JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Cyberworld Enterprise Technologies, Inc. d/b/a Tekstrom, Inc. | Department of Homeland Security, Michael Chertoff, Secretary Department of Justice, Albert Gonzalez, Attorney General |
| (b) County of Residence of First Listed Plaintiff   New Castle (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number) Klasko, Rulon, Stock & Seltzer, LLP 1800 John F. Kennedy Blvd., Suite 1700 Philadelphia, PA 19103 | Attorneys (If Known) Department of Labor, Elaine L. Chao, Secretary United States Citizenship and Immigration Services- Emilio T. Gonzalez, Director |

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
5 USC §702

Brief description of cause:
Party aggrieved and adversely affected by agency action

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  Preliminary injunction

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 6/22/2006

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____



Klasko, Rulon, Stock & Seltzer, LLP
Practice limited to Immigration and Nationality Law

PHILADELPHIA • NEW YORK

*CA 06-402*

June 22, 2006

*Via USPS*

Clerk                                                                    06 - 402
U.S. District Court, District of Delaware
Lockbox 18
844 N. King St.
Wilmington, DE 19801

**RE:   Original Complaint in Civil Action**
**Cyberworld Enterprise Technologies, Inc. d/b/a/ Tekstrom, Inc. v. Michael**
**Chertoff, Alberto Gonzales, Emilio T. Gonzalez and Elaine L. Chao, in their**
**official capacities**

Dear Sir/Madam:

In connection with the above captioned matter, please find enclosed the following:

1. Check in the amount of $350 to cover the Civil Filing Fee;
2. Original Civil Cover Sheet;
3. Original Complaint, with duplicate copy;
4. Duplicate copies of Summons in Civil Action for each Defendant and U.S. Attorney;

Upon receipt of the instant Complaint, I request that you stamp the enclosed Summons in Civil Action and the duplicate Complaint, and return them our offices. Please note that I currently do not have an associated local attorney through which I will appear *pro hac vice*, assuming admission at the pleasure of this Court. I intend to comply with the terms of Local Rule 83.5, which requires the association of local representation within 30 days.

I thank you in advance for your attention to this matter.

Sincerely,

H. Ronald Klasko
HRK/ro

1800 John F. Kennedy Boulevard, Suite 1700
Philadelphia, PA 19103
Telephone 215.825.8600  Facsimile 215.825.8699
www.klaskolaw.com

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. **0 6 - 4 0 2**

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____6____ COPIES OF AO FORM 85.

JUN 2 6 2006
_____          _____
(Date forms issued)                       (Signature of Party or their Representative)

                                          _____
                                          (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

*Please sign + return form for:*   PETER T. DALLEO, CLERK
UNITED STATES DISTRICT COURT
844 KING STREET, LOCKBOX 18
WILMINGTON, DE 19801