**UNITED STATES DISTRICT COURT**

**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CYBERWORLD ENTERPRISE<br>TECHNOLOGIES, INC. d/b/a/<br>TEKSTROM, INC., | : <br> : <br> : <br> : | |
| Plaintiff, | : <br> : | |
| v. | : | C.A. No. 1:06-cv-00402-KAJ |
| | : | |
| MICHAEL CHERTOFF, Secretary of<br>the Department of Homeland Security;<br>ALBERTO GONZALES, Attorney General;<br>ELAINE L. CHAO, Secretary of Labor;<br>EMILIO T. GONZALEZ, Director, United<br>States Citizenship and Immigration Services; | : <br> : <br> : <br> : <br> : <br> : | |
| | : | |
| Defendants. | : | |

**ANSWER**

COMES NOW, Elaine L. Chao, Secretary of Labor, Michael Chertoff, Secretary of the

Department of Homeland Security, Alberto Gonzales, Attorney General, and Emilio T.

Gonzalez, Director, United States Citizenship and Immigration Services ("Defendants"), by their

attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Seth M.

Beausang, Assistant United States Attorney for the District of Delaware, and answers the

Complaint of Plaintiff Cyberworld Enterprise Technologies, Inc. d/b/a/ Tekstrom, Inc.

("Plaintiff" or "Tekstrom") as follows:

1.      Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations in the first sentence of Paragraph 1 of Plaintiff's Complaint and,

therefore, deny those allegations.  The allegations contained in the second sentence of Paragraph

1 are admitted.

2.       Defendants admits that the Secretary of Labor is authorized to regulate H-1B

employers.  Every other allegation contained in Paragraph 2 of Plaintiff's Complaint contains a

characterization of H-1B rules and processes, to which no response is required, but insofar as an

answer is deemed required, the allegations are denied.

3.       Defendants admit that Tekstrom was investigated by the Department of Labor

("DOL") Wage and Hour Division, admit that Tekstrom was ordered to pay a Civil Money

Penalty ("CMP") of $3,400, and admit that Tekstrom would be referred to the Attorney General

for debarment.  Every other allegation in Paragraph 3 of Plaintiff's Complaint is denied.

4.       Defendants admit that Tekstrom appealed to an Administrative Law Judge

("ALJ") and to the Administrative Review Board ("Board"), both of which affirmed the findings

of a violation and imposition of CMPs and debarment.  Every other allegation contained in

Paragraph 4 of Plaintiff's Complaint is denied.

5.       Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations in the first sentence of Paragraph 5 of Plaintiff's Complaint.  Every

other allegation contained in Paragraph 5 of Plaintiff's Complaint is denied.

6.       The allegations contained in the first, second and third sentences of Paragraph 6

of Plaintiff's Complaint are denied.  Defendants are without knowledge or information sufficient

to form a belief as to the truth of the allegations contained in the fourth (last) sentence of

Paragraph 6.

## PARTIES

7.       Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 7.

8.      Defendants admit that Michael Chertoff is the Secretary of the Department of Homeland Security and that the Department of Homeland Security is the agency responsible for implementing the INA.  The other allegations contained in Paragraph 8 of Plaintiff's Complaint state legal conclusions to which no response is required.

9.      Defendants admit that Alberto Gonzales is the Attorney General of the United States.  The other allegations contained in Paragraph 9 of Plaintiff's Complaint state legal conclusions to which no response is required.

10.     Defendants admit that Elaine L. Chao is the Secretary of the Department of Labor.  The other allegations contained in Paragraph 10 of Plaintiff's Complaint state legal conclusions to which no response is required.

11.     Defendants admit that Emilio T. Gonzalez is the Director of United States Citizenship and Immigration Services ("USCIS") and that USCIS is a division of the Department of Homeland Security.  The other allegations contained in Paragraph 11 of Plaintiff's Complaint state legal conclusions to which no response is required.

## JURISDICTION AND VENUE

12.     The allegations contained in Paragraph 12 of Plaintiff's Complaint contain a statement of jurisdiction and venue to which no response is required.

## STATUTORY AND REGULATORY FRAMEWORK

13.     The allegations contained in Paragraph 13 of Plaintiff's Complaint state legal conclusions to which no response is required, but insofar as an answer is deemed required, the allegations are denied.

14.     The allegations contained in Paragraph 14 of Plaintiff's Complaint state legal conclusions to which no response is required, but insofar as an answer is deemed required, the allegations are denied.

15.     The allegations contained in Paragraph 15 of Plaintiff's Complaint state legal conclusions to which no response is required, but insofar as an answer is deemed required, the allegations are denied.

16.     The allegations contained in Paragraph 16 of Plaintiff's Complaint state legal conclusions to which no response is required, but insofar as an answer is deemed required, the allegations are denied.

17.     The allegations contained in Paragraph 17 of Plaintiff's Complaint state legal conclusions to which no response is required, but insofar as an answer is deemed required, the allegations are denied.

18.     The allegations contained in Paragraph 18 of Plaintiff's Complaint state legal conclusions to which no response is required, but insofar as an answer is deemed required, the allegations are denied.

19.     The allegations contained in Paragraph 19 of Plaintiff's Complaint state legal conclusions to which no response is required, but insofar as an answer is deemed required, the allegations are denied.

20.     The allegations contained in Paragraph 20 of Plaintiff's Complaint state legal conclusions to which no response is required, but insofar as an answer is deemed required, the allegations are denied.  Also, insofar as the legal conclusion contained in the third sentence of Paragraph 20 (which begins, "In setting the amount ...") includes a misstatement of the cited regulation, that sentence of Paragraph 20 is specifically denied.

21.     The allegations contained in Paragraph 21 of Plaintiff's Complaint state legal conclusions to which no response is required, but insofar as an answer is deemed required, the allegations are denied.

## FACTUAL BACKGROUND AND ADMINISTRATIVE PROCEEDINGS

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23.     Defendants admit that on August 9, 2001, a complaint was filed against Tekstrom which led to an investigation by DOL, that Tekstrom conceded that it had failed to make the requisite inquiries, and that the investigation did not find that United States workers were displaced. Every other allegation contained in Paragraph 23 of Plaintiff's Complaint is denied.

24.     Defendants deny the allegations contained in the first sentence of Paragraph 24 of Plaintiff's Complaint. Every other allegation contained in Paragraph 24 of Plaintiff's Complaint is admitted.

25.     The allegations contained in Paragraph 25 of Plaintiff's Complaint are admitted.

26.     The allegations contained in Paragraph 26 of Plaintiff's Complaint are admitted.

## CLAIM ONE

27.     Defendants incorporate by reference their responses contained in Paragraphs 1 through 26 of this Answer as if fully set forth herein.

28.     The allegations contained in paragraphs 28 of Plaintiff's Complaint state conclusions of law to which no response is required, but insofar as an answer is deemed required, the allegations are denied.

29.     Defendants admit that Plaintiff's Complaint was filed on August 9, 2001, and that
the letter of Determination was issued on March 20, 2003. Every other allegation contained in
Paragraph 29 of Plaintiff's Complaint is denied.

30.     The allegations contained in Paragraph 30 of Plaintiff's Complaint are admitted.

31.     The allegations contained in Paragraph 31 of Plaintiff's Complaint state
conclusions of law to which no response is required, but insofar as an answer is deemed required,
the allegations are denied.

## CLAIM TWO

32.     Defendants incorporate by reference their responses contained in Paragraphs 1
through 31 of this Answer as if fully set forth herein.

33.     The allegations contained in Paragraph 33 of Plaintiff's Complaint state
conclusions of law to which no response is required, but insofar as an answer is deemed required,
the allegations are denied.

34.     The allegations contained in Paragraph 34 of Plaintiff's Complaint are denied.

35.     The allegations contained in Paragraph 35 of Plaintiff's Complaint are denied.

36.     The allegations contained in Paragraph 36 of Plaintiff's Complaint state
conclusions of law to which no response is required, but insofar as an answer is deemed required,
the allegations are denied.

## CLAIM THREE

37.     Defendants incorporate by reference their responses contained in Paragraphs 1
through 37 of this Answer as if fully set forth herein.

38.     The allegations contained in the first and last sentences of Paragraph 38 of
Plaintiff's Complaint are denied. Defendants are without knowledge or information sufficient to

6

form a belief as to the truth of the every other allegation contained in Paragraph 38 of Plaintiff's Complaint.

39.     The allegations contained in Paragraph 39 of Plaintiff's Complaint state conclusions of law to which no response is required, but insofar as an answer is deemed required, the allegations are denied.

## CLAIM FOUR

40.     Defendants incorporate by reference their responses contained in Paragraphs 1 through 39 of this Answer as if fully set forth herein.

41.     The allegations contained in Paragraph 41 of Plaintiff's Complaint are denied.

42.     The allegations contained in Paragraph 42 of Plaintiff's Complaint are denied.

43.     The allegations contained in Paragraph 43 of Plaintiff's Complaint state conclusions of law to which no response is required, but insofar as an answer is deemed required, the allegations are denied.

44.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     The allegations contained in Paragraph 45 of Plaintiff's Complaint state legal conclusions to which no response is required, but insofar as an answer is deemed required, the allegations are denied.

46.     The allegations contained in Paragraph 46 of Plaintiff's Complaint are denied.

47.     The allegations contained in Paragraph 47 of Plaintiff's Complaint are admitted.

48.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.     The allegations contained in Paragraph 49 of Plaintiff's Complaint state legal conclusions to which no response is required, but insofar as an answer is deemed required, the allegations are denied.

50.     The allegations contained in Paragraph 50 of Plaintiff's Complaint state legal conclusions to which no response is required, but insofar as an answer is deemed required, the allegations are denied.

51.     The allegations contained in Paragraph 51 of Plaintiff's Complaint state legal conclusions to which no response is required, but insofar as an answer is deemed required, the allegations are denied.

52.     The allegations contained in Paragraph 52 of Plaintiff's Complaint state legal conclusions to which no response is required, but insofar as an answer is deemed required, the allegations are denied.

53.     The allegations contained in Paragraph 53 of Plaintiff's Complaint state legal conclusions to which no response is required, but insofar as an answer is deemed required, the allegations are denied.

## CLAIM FIVE

54.     Defendants incorporate by reference their responses contained in Paragraphs 1 through 53 of this Answer as if fully set forth herein.

55.     The allegations contained in Paragraph 55 of Plaintiff's Complaint state legal conclusions to which no response is required, but insofar as an answer is deemed required, the allegations are denied.

56.     The allegations contained in Paragraph 56 of Plaintiff's Complaint state legal conclusions to which no response is required, but insofar as an answer is deemed required, the allegations are denied.

57.     The allegations contained in Paragraph 57 of Plaintiff's Complaint state legal conclusions to which no response is required, but insofar as an answer is deemed required, the allegations are denied.

58.     The allegations contained in Paragraph 58 of Plaintiff's Complaint state legal conclusions to which no response is required, but insofar as an answer is deemed required, the allegations are denied.

59.     The allegations contained in Paragraph 59 of Plaintiff's Complaint state legal conclusions to which no response is required, but insofar as an answer is deemed required, the allegations are denied.

## CLAIM SIX

60.     Defendants incorporate by reference their responses contained in Paragraphs 1 through 59 of this Answer as if fully set forth herein.

61.     The allegations contained in Paragraph 61 of Plaintiff's Complaint state legal conclusions to which no response is required, but insofar as an answer is deemed required, the allegations are denied.

62.     The allegations contained in Paragraph 62 of Plaintiff's Complaint state legal conclusions to which no response is required, but insofar as an answer is deemed required, the allegations are denied.

63.     The allegations contained in Paragraph 63 of Plaintiff's Complaint state legal conclusions to which no response is required, but insofar as an answer is deemed required, the allegations are denied.

64.     The allegations contained in the first sentence of Paragraph 64 of Plaintiff's Complaint state Plaintiff's characterization of the applicable regulations to which no response is required.  Every other allegation contained in Paragraph 64 of Plaintiff's Complaint is denied.

65.     The allegations contained in Paragraph 65 of Plaintiff's Complaint state legal conclusions to which no response is required, but insofar as an answer is deemed required, the allegations are denied.

66.     The allegations contained in Paragraph 66 of Plaintiff's Complaint state Plaintiff's characterization of the applicable regulatory requirements to which no response is required, but insofar as an answer is deemed required, the allegations are denied.

## CLAIM SEVEN

67.     Defendants incorporate by reference their responses contained in Paragraphs 1 through 66 of this Answer as if fully set forth herein.

68.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.     The allegations contained in Paragraph 69 of Plaintiff's Complaint are denied.

70.     The allegations contained in Paragraph 70 of Plaintiff's Complaint are denied. Insofar as Plaintiff's complaint seeks a preliminary injunction, it is unnecessary, as the Department of Labor will undertake no action to enforce the decision of the ARB before an ultimate and final decision is reached in this case.

## PRAYER FOR INJUNCTIVE AND DECLARATORY RELIEF

WHEREFORE, Defendants, having fully answered Plaintiff's Complaint, respectfully pray for judgment denying each and every prayer for relief, dismissing the action, granting Defendants their costs and granting such other and further relief as the Court deems just and proper.

Dated:  September 14, 2006.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

_____/s/ Seth M. Beausang_____
Seth M. Beausang (DE I.D. No. 4071)
Assistant United States Attorney
1007 N. Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046
(302 573-6277, ext. 149
(302 573-6220 (fax)

OF COUNSEL:

HOWARD M. RADZELY
Solicitor of Labor
United States Department of Labor

STEVEN J. MANDEL
Associate Solicitor
Fair Labor Standards Division

JONATHAN M. KRONHEIM
Counsel for Trial Litigation

JOAN BRENNER
Attorney
Office of the Solicitor

**Certificate of Service**

I, Seth M. Beausang, counsel for Defendants, hereby certify that on this 14th day of September, 2006, a copy of the foregoing Answer was served by electronic filing on:

Stephen J. Neuberger
Two East Seventh St., Suite 302
Wilmington, DE 19801-3725
Attorney for Plaintiff